UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JEROME CURTIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:23-cv-00079-HAB-SLC |
| **STATE OF ILLINOIS,** *et al.*, | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

On February 21, 2023, *pro se* Plaintiff filed the complaint in this matter, asserting claims pursuant to the Declaratory Judgment Act under 28 U.S.C. § 2201 and Indiana Code Section 34-14-1-2. (ECF 1 at 4; *see* ECF 1-1 at 1). Due to the Plaintiff's failure to allege subject-matter jurisdiction, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that this case be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(1).

*A. Factual Background*

Plaintiff filed his complaint on February 21, 2023, alleging that Defendant State of Illinois ("State" or "state of Illinois") is "holding Jerome Curtis to a contract that [he] was unknowingly and unwillingly signed into at birth," which he alleges has made him the subject of lawsuits, fines, and jail time. (ECF 1 at 2). He alleges that an "organization was organized as a result of false and misleading words and information on a report. . . ." (*Id.* at 5). He attaches his birth certificate, which he states corresponds to the "contract" forming the basis of his claim. (ECF 1-2; *see* ECF 1 at 8). He further states that he has attempted to clarify with the State the "legal relationship, status, rights, duties and obligations which appears to exist between the parties" but that he has received no response. (ECF 1 at 5). Thus, Plaintiff seeks "a declaratory

judgment and/or decree, . . . declaratory relief[] concerning the legal relationship, status, rights and duties, and a determination of construction of instruments involving [the] parties, and [Plaintiff's] rights which are and have been effected by [Defendants]" under 28 U.S.C. § 2201 (the federal Declaratory Judgment Act ("DJA")) and Indiana Code Section 34-14-1-2. (*Id.* at 4; *see* ECF 1-1 at 1). Plaintiff contends that the Court has subject-matter jurisdiction under the DJA, though he simultaneously asserts diversity jurisdiction in his civil complaint sheet. (ECF 1 at 5; ECF 1-1).

### B.  Legal Standard

Subject-matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court may raise the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). A court has subject-matter jurisdiction if it has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal jurisdiction is satisfied if a case arises "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, whereas diversity jurisdiction is satisfied when the parties are diverse in citizenship and the case involves an amount in controversy exceeding $75,000, *id.* § 1332. Subject-matter jurisdiction is not a waivable defense, and as such, the parties or the Court can raise the issue of lack of subject-matter jurisdiction at any time during the proceedings. Fed. R. Civ. P. 12(h)(3); *Gaunce v. deVincentis,* 708 F.2d 1290, 1291 (7th Cir. 1983).

### C.  Analysis

Plaintiff's gibberish allegations leave much to be desired in the realm of notice pleading, but they unambiguously show that the Court is deprived of subject-matter jurisdiction. Specifically, Plaintiff alleges that the basis of this Court's subject-matter jurisdiction is diversity jurisdiction. (ECF 1-1 at 1). In the complaint's cover sheet, Plaintiff states that he is a citizen of

2

the state of Indiana and Defendants, the state of Illinois and its Attorney General, are citizens of another state (*id.*), as Plaintiff resides in Fort Wayne, Indiana, and Defendants reside in Springfield, Illinois (ECF 1 at 1, 4; ECF 1-1 at 1).[1] This allegation suffers from one fatal flaw: Plaintiff cannot sue a state and its officer under a diversity of citizenship theory, and in fact, he cannot sue the state and its officer in this action at all.

Indeed, whether a lawsuit is instituted by the state's citizen or a citizen of another state, "the Eleventh Amendment [of the U.S. Constitution] bars suits against both the States and state officers acting in their official capacities." *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)). There are exceptions to this immunity (1) where Congress abrogates a state's immunity from suit, (2) where the state or the state official consents to being sued in federal court, and (3) where a party sues for prospective relief to enjoin an ongoing violation of federal law, an exception also known as the *Ex Parte Young* doctrine. *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). None of the three exceptions seem to apply here as (1) there is no identifiable congressional rule abrogating a state's immunity in this case, (2) the state of Illinois and its General Attorney have not appeared in this action, much less consented to this litigation, and (3) as will be discussed *infra*, there is no allegation of an ongoing violation of federal law in Plaintiff's complaint. Thus, because the state of Illinois and its General Attorney are parties,

---

[1] Plaintiff further indicates that he is incorporated or had his principal place of business in Indiana. (ECF 1-1 at 1). Of course, an individual cannot be "incorporated" or "have a principal place of business," and the relevant inquiry in assessing an individual's citizenship is his place of domicile. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). I will ignore this error and construe Plaintiff's complaint liberally as he is proceeding *pro se*. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

"diversity jurisdiction is impossible." *See Indiana v. TikTok, Inc.*, No. 1:23-CV-13-HAB, 2023 WL 3596360, at *1 (N.D. Ind. May 23, 2023).

"[A] federal court can raise an Eleventh Amendment defense on its own initiative," *Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000) (citations omitted), because "[the Eleventh] Amendment deprives federal courts of jurisdiction when its immunity applies." *McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 533 (7th Cir. 2022); *Vickery v. Jones*, 856 F. Supp. 1313, 1327 (S.D. Ill. 1994) ("[T]he [Eleventh] amendment is a jurisdictional bar and must be raised by the Court *sua sponte.*" (citation omitted)), *aff'd,* 100 F.3d 1334 (7th Cir. 1996)). Plaintiff cannot show that the parties are diverse because his claims are barred by the Eleventh Amendment. Therefore, I *sua sponte* recommend dismissal, as it is warranted on this basis alone.[2]

Federal jurisdiction cannot save the day. The Eleventh Amendment "is not limited to diversity cases, but also applies to prevent suits invoking federal question jurisdiction." *Nelson v. La Crosse Cnty. Dist. Att'y (State of Wis.)*, 301 F.3d 820, 827-28 (7th Cir. 2002) (citing *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 268 (1997)). For the same reasons explained above, Plaintiff cannot sue Defendants as he has not articulated an "ongoing violation of federal law." *See Quinn*, 680 F.3d at 882.

Notwithstanding the Eleventh Amendment jurisdictional bar, Plaintiff has not suggested that the resolution of his claims would turn on an issue of federal law *at all*. To the extent

---

[2] No matter if Plaintiff can sufficiently plead diversity. Even considering the Court's duty to construe *pro se* pleadings liberally, *see Cady*, 467 F.3d at 1061, I am unable to assess whether the complaint meets the threshold amount in controversy of $75,000. "In suits seeking . . . a declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." *Am.'s MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). The complaint's gibberish allegations prevent the Court from ascertaining the value "of the object of the litigation" to assess whether this case involves the required amount in controversy. *See id.* Thus, Plaintiff's diversity allegations do not establish that the required amount in controversy is met, and diversity jurisdiction also fails on this basis.

Plaintiff seeks to establish federal question jurisdiction under the federal Declaratory Judgment Act, he cannot do so without alleging an independent source of subject-matter jurisdiction. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008) ("[T]he Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction[] and requires an independent basis for jurisdiction." (citation and internal quotation marks omitted)); *Round to Fit, LLC v. Reimer*, 380 F. Supp. 3d 830, 835 (S.D. Ind. 2019) ("[T]he Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. Rather, it provides a remedy available only if the court has jurisdiction from some other source." (citations omitted)). Plaintiff does not identify any federal right or law implicated by Defendants' alleged actions such that it can serve as an independent source of jurisdiction. Instead, Plaintiff cites exclusively to an Indiana statute as a basis for relief. (ECF 1 at 5; ECF 1-1 at 1). And in any event, he fails to allege any ongoing violation of federal law, as he would have to in order to survive the Eleventh Amendment bar. Accordingly, the Court is also deprived of federal jurisdiction.

Plaintiff, as the proponent of jurisdiction, bears the burden of showing that the requirements of subject-matter jurisdiction are met. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). He fails to do so. "[T]he rule in this circuit has been that the 'court's discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly.'" *Id.* at 425-26 (7th Cir. 2010) (citations omitted). "But to say that dismissals under these circumstances should be rare does not mean that this step is never appropriate." *Id.* at 426 (citation omitted); *See* Fed. R. Civ. P. 12(b)(1). Dismissal is all the more appropriate here given that Plaintiff *cannot* plead the existence of jurisdiction. *See Muscarello*,

5

610 F.3d at 426 ("[T]he ultimate duty of pleading his case rests upon the party and not upon the district court to divine what is not reasonably there." (citation omitted)).

While "[i]t is usually necessary 'to give pro se litigants one opportunity to amend after dismissing a complaint'" such measure is unnecessary where, as is the case here, "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Johnson v. S. Bend Hous. Auth.*, No. 3:22-CV-85 JD, 2022 WL 1746925, at *3 (N.D. Ind. May 27, 2022) (quoting *Carpenter v. PNC Bank, Nat'l Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016)). When a court cannot discern a basis for subject-matter jurisdiction, dismissal without leave to amend is appropriate. *See id.* (collecting cases). Plaintiff cannot establish subject-matter jurisdiction because Defendants are immune from this lawsuit and because there is no applicable exception to this immunity in this case. *See Higgins*, 217 F.3d at 954; *Vickery*, 856 F. Supp. at 1327. Therefore, I recommend that the Court dismiss this case without leave to amend.

### D.  Conclusion

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that this case be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1).[3] The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff Jerome Curtis. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL

---

[3] *McHugh*, 55 F.4th at 533 ("[A] court that lacks subject matter jurisdiction cannot dismiss a case with prejudice." (citation omitted)).

THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

 Entered this 8th day of June 2023.

              /s/ Susan Collins
              Susan Collins
              United States Magistrate Judge